IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY DOWDLE, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 10-AR-0916-S |
| | } | |
| INDUSTRIAL STAFFING OF | } | |
| ALABAMA, Inc., et al., | } | |
| | } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

Plaintiff, Anthony Dowdle ("Dowdle"), sues defendants, Industrial Staffing of Alabama, Inc., ("Industrial Staffing"), Stan Chesson ("Chesson"), Lisa Nichols ("Nichols"), and Fred Munez ("Munez") for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the equal protection clause of the 14th Amendment to the United States Constitution, and 42 U.S.C. § 1983. Before the court is defendants' motion to dismiss all § 1983 claims, all 14th Amendment claims, and the Title VII claims brought against the individual defendants. For the reasons stated below, defendants' motion will be partially granted, and Dowdle's Title VII claims against the individual defendants will be dismissed with prejudice, as will all his claims under § 1983. Dowdle's invocation of the equal protection clause of the 14th Amendment will be deemed a claim under 42 U.S.C. § 1981, and his complaint will be deemed to have been amended to include said claim.

**DISCUSSION**

Dowdle is, at this stage in the litigation, proceeding as a *pro se* plaintiff. As such, he is entitled to a certain amount of leniency in regards to his compliance with court rules and the Federal Rules of Civil Procedure.  However, he may not pursue claims for which the law grants no relief. It is well established that fellow employees are not individually liable for Title VII violations. Only the employer is exposed to Title VII liability. *See Griswold v. Alabama Dept. Of Indus. Relations*, 903 F. Supp. 1492, 1496-97 (M.D. Al. 1995). Therefore, Dowdle cannot plausibly state a claim against Chesson, Nichols, or Munez under Title VII.

It is equally well established that 42 U.S.C. § 1983 does not apply to persons or entities not engaged in state action. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936, 102 S. Ct. 2744 (1982). Because none of the defendants are state actors, all of Dowdle's claims under § 1983 will be dismissed.

While it is true that the "equal protection" clause of the 14th Amendment does not apply to private actors, the plaintiff in this case has alleged race-based discrimination.  Therefore, in an exercise of the aforementioned leniency due to *pro se* plaintiffs, this court deems Dowdle's invocation of the equal protection clause as a claim for relief under 42 U.S.C. § 1981. Therefore, Dowdle will have a remaining claim under Title VII against Industrial Staffing, and remaining claims against all defendants under 42

U.S.C. § 1981.  All other claims will be dismissed by separate order.

    DONE this 14th day of May, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE